**KEARNY BARGE COMPANY, Plaintiff,**

v.

**ANDRE LE DOUX, INC.,
Defendant/Third Party
Plaintiff,**

v.

**UNITED STATES of America, Third
Party Defendant.**

Civ. A. No. 88–1273.

United States District Court,
E.D. Louisiana.

March 30, 1989.

Montgomery, Barnett, Brown, Read, Hammond & Mintz, A. Gordon Grant, Jr., Trial Atty., Christopher E. Carey, New Orleans, La., Milgrim, Thomajan & Lee P.C., Stanley McDermott, III, New York City, for Kearny Barge Co.

Gelpi, Sullivan, Carroll & LaBorde, Gerard T. Gelpi, Trial Atty., Peter B. Tompkins, New Orleans, La., for Natl. Sur. Corp.

Emmett, Cobb, Waits & Kessenich, J. Fredrick Kessenich, New Orleans, La., for Andre Le Doux, Inc.

Burke & Mayer, Daniel E. Knowles, III, New Orleans, La., for Boston Old Colony Ins. Co.

Adams & Barton, Sarah M. Barton, Cornelius, Sartin & Murphy, James R. Logan IV, New Orleans, La., for American Bureau of Shipping (ABS).

Debra J. Kossow, Atty., Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for U.S.A.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Thurl Stalnaker, Jr., Trial Atty., Richard D. Bertram, New Orleans, La., for Holtrachem, Inc.

Terriberry, Carroll & Yancey, Robert S. Reich, New Orleans, La., for Elton Porter Ins. Agency.

ROBERT F. COLLINS, District Judge.

Third party defendant, United States of America, moves this Court to dismiss with prejudice the third party complaint against it for lack of subject matter jurisdiction. The Motion is GRANTED.

The government argues that since the actions of the United States Coast Guard (Coast Guard) concerning the T/B STAR SHAMROCK were purely discretionary, third party plaintiff's (plaintiff) claim against the government falls within the discretionary function exception to the general waiver of sovereign immunity under the Suits in Admiralty Act (SAA), 46 U.S.C. App. §§ 741 *et seq.*[1] The government concludes that it is therefore immune from liability in these actions. Plaintiff, on the other hand, argues that the Coast Guard's actions concerning the T/B STAR SHAM-ROCK were not purely discretionary. Plaintiff concludes that the government is therefore not immune from liability in these actions. The Court finds plaintiff's position untenable and, therefore, agrees with the government.

Plaintiff's claim against the government, construed as broadly as possible, asserts that the Coast Guard negligently certified and classified the vessel in question. The claim challenges the extent and adequacy of the Coast Guard's inspection of the T/B STAR SHAMROCK's hull before certifying it for the carriage of caustic soda. Plaintiff claims that the Coast Guard's inspection of the T/B STAR SHAMROCK's hull was not discretionary because a federal regulation, specifically 46 C.F.R. § 32.60(1)(A) which incorporates Rules 15.-3.5 and 15.3.8 of the American Bureau of Shipping Rules (ABS) (1974), required the Coast Guard to determine that the T/B STAR SHAMROCK's shell was 0.41 inches thick before it could be certified. Plaintiff contends that since the vessel capsized four months after the Coast Guard's certification of the vessel and because the hull's thickness appeared to be less than 0.41 inches thick at that time, that the Coast Guard's inspection of the hull for certification purposes was negligent.

The Court finds that all of the Coast Guard's activities concerning the T/B STAR SHAMROCK, which form the basis of plaintiff's claims against the government, fall within the discretionary function exception as defined in *United States v. S.S. Empresa De Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). 46 C.F.R. § 32.60(1)(A), which the plaintiff relies upon, creates a duty for the owner of the vessel. 46 C.F.R. § 32.60(1)(A) does not act as a directive for the adequacy and extent of the Coast Guard's inspection. 46 C.F.R. § 31.37–85(a) and (b). 46 C.F.R. § 31.37–85, which is titled, *Responsibility for Conducting Required Tests and Ex-*

---

**1.** The government's sole waiver of sovereign immunity to suits in admiralty, involving no public vessel, is the SAA, which in pertinent part provides: "In cases where ... if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States." 46 U.S.C. App. § 742.

*aminations—TB/All,* clearly states that "The Coast Guard's participation in these required tests and examinations *shall be confined to witnessing* required tests and examinations *with the view* to determining whether or not the gear is satisfactory for the purposes intended." (Emphasis supplied.)

Assuming arguendo that 46 C.F.R. § 32.60 created a duty for the Coast Guard to specifically inspect the thickness of the hull, the process of making such an inspection is an exercise of "discretionary regulatory authority of the most basic kind." *Varig Airlines,* 104 S.Ct. at 2768. Permitting the plaintiff to sue the government based on this claim would require precisely the kind of judicial second guessing of a regulatory agency's political, social, and economic judgment concerning how best to accomplish its policy objectives that the discretionary function exception was designed to prevent. It follows that the acts of Coast Guard employees in executing the inspection and certification program are protected by the discretionary function exception. Thus, plaintiff's claim, which concerns the adequacy of the Coast Guard's inspection of the T/B STAR SHAMROCK, is barred by the discretionary function exception.

*Conclusion*

All of plaintiff's claims against the government are barred by the discretionary function exception to the SAA's waiver of sovereign immunity. Accordingly, the Court hereby GRANTS the United States of America's Motion to Dismiss.